# Prosecutorial Discretion Regarding
# Citations for Contempt of Congress

A United States Attorney to whom a contempt of Congress citation is referred retains traditional prosecutorial discretion regardless of whether the contempt citation is related to an assertion of executive privilege.

June 16, 2014

LETTER OPINION FOR THE UNITED STATES ATTORNEY
FOR THE DISTRICT OF COLUMBIA

This letter responds to an inquiry sent to our Office on your behalf on May 22, 2014. *See* E-mail for Karl R. Thompson, Principal Deputy Assistant Attorney General, Office of Legal Counsel, from Matthew Jones, Counsel to the United States Attorney, Office of the U.S. Attorney for the District of Columbia (May 22, 2014) ("Jones E-mail"). The inquiry indicates that you have reviewed a 1984 OLC opinion entitled *Prosecution for Contempt of Congress of an Executive Branch Official Who Has Asserted a Claim of Executive Privilege*, 8 Op. O.L.C. 101 (1984) ("1984 Opinion"). That opinion concluded (among other things) that a United States Attorney is not required by "the criminal contempt of Congress statute, 2 U.S.C. §§ 192, 194, . . . [to] prosecute or refer to a grand jury a citation for contempt of Congress issued with respect to an Executive Branch official who has asserted a claim of executive privilege in response to written instructions from the President of the United States." *Id.*; *see also id.* at 102, 128. Having reviewed that opinion, you have asked whether this prosecutorial discretion is limited to circumstances in which the conduct cited for contempt is based on a claim of executive privilege, or whether it is also available when a United States Attorney concludes, following a review of the factual and legal sufficiency of the contempt citation, that no violation of the law has occurred for reasons other than an assertion of executive privilege.

In our view, the 1984 Opinion resolves your question, and concludes that a United States Attorney to whom a contempt of Congress citation is referred retains traditional prosecutorial discretion regardless of whether the contempt citation is related to an assertion of executive privilege. The 1984 Opinion considered two distinct questions. "The first specific question [was] whether the United States Attorney is required to refer every

contempt of Congress citation to a grand jury." *Id.* at 118. The second question was, "aside from the issue of prosecutorial discretion, whether the criminal contempt of Congress statute is intended to apply, or constitutionally could be applied, to Presidential claims of executive privilege." *Id.* at 129. In our view, your question is resolved by the 1984 Opinion's analysis of the first question. The opinion concludes that, "as a matter of statutory construction strongly reinforced by constitutional separation of powers principles, we believe that the United States Attorney and the Attorney General, to whom the United States Attorney is responsible, retain their discretion not to refer a contempt of Congress citation to a grand jury." *Id.* at 128.

In reaching this conclusion, the 1984 Opinion first clarified that, "as a matter of statutory interpretation, there is no doubt that the contempt of Congress statute does not require a prosecution" because it

> does not on its face actually purport to require the United States Attorney to proceed with the prosecution of a person cited by a house of Congress for contempt; by its express terms the statute discusses only referral to a grand jury. Even if a grand jury were to return a true bill, the United States Attorney could refuse to sign the indictment and thereby prevent the case from going forward.

*Id.* at 118. Thus, "the only question is whether [the contempt provision] requires referral to the grand jury." *Id.*

Turning to this question, the 1984 Opinion concluded that the statute does not require United States Attorneys to refer contempt of Congress citations to a grand jury, for four main reasons. First, the Justice Department had previously taken the position that the contempt provision did not require referral to a grand jury, including in connection with contempt citations of officials of the Port of New York Authority. *Id.* at 119–20. (Notably, there had been no assertion of the President's executive privilege in that matter. *See United States v. Tobin*, 195 F. Supp. 588, 596–97, 608–09 (D.D.C. 1961), *rev'd*, 306 F.2d 270, 271–72 (D.C. Cir. 1962).)

Second, judicial opinions interpreting the language of section 194 in other contexts reflected an understanding that the United States Attorney retains discretion not to make a referral to the grand jury, despite the apparently mandatory language of the statute. 1984 Opinion, 8 Op. O.L.C. at 120–22. These contexts included consideration of whether the Speaker

of the House's duty to refer contempt citations to United States Attorneys under section 194 is mandatory, *see id.* at 120–21 (discussing *Wilson v. United States*, 369 F.2d 198 (D.C. Cir. 1966)), and rejection of private parties' motions to quash congressional subpoenas on the grounds that those parties would have adequate opportunities to challenge any contempt finding by, *inter alia*, persuading the U.S. Attorney not to refer the citation to a grand jury, *see id.* at 121–22 (discussing *Ansara v. Eastland*, 442 F.2d 751 (D.C. Cir. 1971), *Sanders v. McClellan*, 463 F.2d 894 (D.C. Cir. 1972), and *U.S. Servicemen's Fund v. Eastland*, 488 F.2d 1252 (D.C. Cir. 1973), *rev'd on other grounds*, 421 U.S. 491 (1975)).

Third, "the common-law doctrine of prosecutorial discretion," which embodies a "wide scope of . . . discretion in determining which cases to bring," precluded interpreting the statute to "require[] automatic referral" to the grand jury, at least in the absence of a "clearly and unequivocally stated" congressional intent to displace the traditional prosecutorial discretion. *Id.* at 122–24.

Finally, construing section 194 to permit the exercise of prosecutorial discretion was "reinforced by the need to avoid the constitutional problems that would result if section 194 were read to require referral to a grand jury." *Id.* at 124–25. A contrary construction, the opinion explained, would "create two distinct problems with respect to the [constitutional] separation of powers": it would both "strip[] the Executive of its proper constitutional authority" and "vest[] improper power in Congress," in contravention of the principle that, as "[t]he courts have declared," "the ultimate decision with respect to prosecution of individuals must remain an executive function under the Constitution." *Id.* at 127; *see also, e.g.*, *id.* at 114–15 (citing *Buckley v. Valeo*, 424 U.S. 1, 138 (1976) (per curiam) ("A lawsuit is the ultimate remedy for a breach of the law, and it is to the President, and not to the Congress, that the Constitution entrusts the responsibility to 'take care that the laws be faithfully executed.'"), and *Smith v. United States*, 375 F.2d 243, 246–47 (5th Cir. 1967) (recognizing that the Executive's prosecutorial discretion not to arrest or prosecute is rooted in the constitutional separation of powers)); *id.* at 126 (citing *United States v. Nixon*, 418 U.S. 683, 693 (1974) ("the Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case")).

We recognize that there are general caveats in the 1984 Opinion stating that its conclusions are "limited to the unique circumstances" that prompted it. *Id.* at 102; *see also id.* at 103, 142. We agree that the 1984 Opinion's "general statements of legal principles should be applied in other contexts only after careful analysis." *Id.* at 103. But it is a key characteristic of "legal principles" that they can apply in cases other than the specific ones in which they are stated as grounds for decision. And we do not read the analysis supporting the 1984 Opinion's conclusion regarding prosecutorial discretion as turning on whether the conduct underlying a contempt citation is based on an assertion of executive privilege. The opinion does not state or suggest that the underlying basis for a contempt citation must be analyzed in determining whether a prosecutor retains the discretion not to refer a contempt citation to a grand jury. Nor does the opinion state or suggest that the United States Attorney to whom a citation is referred would lack traditional prosecutorial discretion if the citation were not related to an assertion of executive privilege. As noted above, the opinion describes and relies in part on a specific prior instance in which the Justice Department declined to refer contempt citations to a grand jury, in a case that did not involve a presidential assertion of executive privilege. *See id.* at 119–20 (discussing contempt citations of Port of New York Authority officials). And the cases the opinion cites in which courts treated section 194 as if it did not make grand jury referrals mandatory involved situations in which the underlying contempt citations did not concern executive privilege. *See id.* at 121–22 (discussing *Ansara*, 442 F.2d 751, *Sanders*, 463 F.2d 894, and *U.S. Servicemen's Fund*, 488 F.2d 1252). We therefore believe that the 1984 Opinion's conclusion regarding prosecutorial discretion—that U.S. Attorneys to whom contempt of Congress citations are referred retain the traditional prosecutorial discretion not to prosecute or refer those citations to a grand jury—applies regardless of whether the contempt citations are related to an assertion of executive privilege.

KARL R. THOMPSON
*Acting Assistant Attorney General*
*Office of Legal Counsel*